(164 App. Div. 560)

### In re LICHTENBERG. (No. 1.)

(Supreme Court, Appellate Division, First Department. November 20, 1914.)

ATTORNEY AND CLIENT (§ 44*)—MISCONDUCT OF ATTORNEY—CONFLICTING EMPLOYMENT.

> Where respondent, an attorney, had offices with another, who was attorney for a bankrupt and had been consulted as to the bankruptcy proceedings before he was consulted by attorneys for the creditors, he was guilty of misconduct deserving severe censure in accepting a retainer to act for the creditors against the bankrupt without disclosing to such creditors that he had been previously consulted by the attorney for the bankrupt, and in concealing from the creditors his connection with the bankrupt's attorney.
>
> [Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 55, 56, 62; Dec. Dig. § 44.*]

Proceeding to discipline Louis Lichtenberg, an attorney, for alleged professional misconduct. On a referee's report advising censure. Report confirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, DOWLING, and HOTCHKISS, JJ.

Theodore B. Richter, of New York City, for petitioner.
Charles C. Peters, of New York City, for respondent.

INGRAHAM, P. J. The respondent was charged with professional misconduct in certain proceedings in involuntary bankruptcy instituted by him on behalf of creditors against one Joseph Mayer, acting in conjunction with one Nathan Kopf, the attorney for the bankrupt. Kopf has been found guilty of professional misconduct in this proceeding and suspended from practice for one year. The respondent acted for certain creditors of the said bankrupt in procuring an adjudication of said Joseph Mayer as a bankrupt. Kopf and the respondent occupied offices together. Kopf consulted the respondent about this bankruptcy before the respondent was consulted by the attorneys for the creditors, and he undertook to act for the creditors against the bankrupt without disclosing to them that he had been consulted by the attorney representing the bankrupt, and concealing from the creditors his connection with the said Kopf.

Concerning the respondent's connection with this proceeding, the petitioner charged the respondent with having purposely delayed the completion and filing of the petition from Saturday, October 21, 1911, to Monday, October 23, 1911, during which interval the bankrupt disposed of a considerable part of his property to defraud his creditors.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The official referee, after a careful investigation, has concluded that this charge was not sustained. But, the official referee reports:

"Of course, the respondent remains liable to severe censure for not having acted with the utmost good faith by failing to disclose to Strouse & Strauss (who were the attorneys for creditors) and to the receiver that the attorney for the bankrupt had an office with him. If the proper disclosure had been made, they probably would have acted differently. The further charge that the respondent did not sufficiently examine the bankrupt under section 21a of the Bankruptcy Act does not call for a different conclusion. Mayer was examined on November 11, 1911, and on November 22, 1911, and in the course of his examination he said that he had paid a grocery man $200, a butcher $200, and a man named Kadetski, whose business he did not know, $365. As the estate was small, the representatives of the creditors declined to incur the expense of a further examination and determined to proceed against Mayer for perjury, which they did. Upon the whole case, I am of the opinion that, while the respondent has not been shown to be guilty of the more serious accusations made against him, his failure to disclose that the attorney for the bankrupt had an office with him tended to deceive the creditors and the court and its officers, and constituted misconduct as an attorney and counselor at law."

With this conclusion of the official referee we agree. While relieved of the serious charges made against the respondent, it is evident that, when the attorney for the creditors applied to him to undertake proceedings to have Joseph Mayer adjudicated a bankrupt he did not inform them that the attorney for the bankrupt had offices with him and that he had discussed the bankrupt's affairs with the attorney for the bankrupt. Mayer was able to dispose of a considerable portion of his property which belonged to his creditors. In approving of the recommendation of the official referee that the respondent should be censured for his lack of frankness to the attorneys for the creditors who employed him, and for undertaking a proceeding against a bankrupt, when he had advised with and had an office with the attorney for the bankrupt, without informing the creditors of his connection with the bankrupt's attorney, we wish again to emphasize that we shall hold attorneys to the strictest accountability for the utmost good faith in these bankruptcy proceedings, and any suppression of information which would influence the action of creditors, or any collusive action, which results in fraudulent misappropriation of the bankrupt's property, will be treated as serious professional misconduct, which will require discipline.

The respondent is therefore censured for his conduct in relation to this bankruptcy proceeding. All concur.